UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Nancy C. Hardwick, | ) | C/A No. 4:12-1286-RBH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bank of America, N.A. and BAC Home | ) | |
| Loans Servicing, LP, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, proceeding pro se, brought this action against Bank of America, N.A. and BAC

Home Loans Servicing, LP, ("Defendant")[1] concerning two real estate loans and mortgages.

Plaintiff filed this case in Horry County Court of Common Pleas; Defendant removed on May

16, 2012. The following motions are pending and have been referred to the undersigned:

Defendant's Motion to Dismiss (12(b)(6)) Complaint, ECF No. 11; Plaintiff's Motion to Amend

Complaint, ECF No. 30; and Defendant's Motion to Dismiss Amended Complaint, ECF No. 41.

The undersigned conducted a hearing on these pending motions on November 27, 2012, at which

Plaintiff appeared, pro se, and Thomas McPherson III appeared on behalf of Defendant. *See* ECF

No. 53. After considering the parties' arguments, as well as additional filings provided by both

parties, the undersigned issues this Report and Recommendation ("Report") recommending the

following:[2] Defendant's Motion to Dismiss, ECF No. 11, be *granted*; Plaintiff's Motion to

---

[1] The same counsel represents both named Defendants and indicates that BAC Home Loans Servicing, LP merged into Bank of America, N.A. on July 1, 2011. *See* Def.'s Mem. in Supp. of Mot. to Dismiss at 1 n.1, ECF No. 11-1. Accordingly, the court will refer to Defendants in the singular throughout.

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(e), D.S.C, which provides for all pretrial proceedings involving litigation by individuals proceeding pro se be referred to a United States Magistrate Judge. Because the motions to dismiss are dispositive, the

Amend, ECF No. 30, be *denied*; and Defendant's Motion to Dismiss Amended Complaint, ECF No. 41, be *dismissed as moot*.

I.       Defendant's Motion to Dismiss, ECF No. 11

A.  Standard of Review

Defendant moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Further, on a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows

---

undersigned enters this Report for the district judge's consideration. Because the Motion to Amend concerns matters related to one of the pending motions to dismiss, the undersigned also considers the Motion to Amend in this Report.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (citing *Twombly*, 550 U.S. at 556)); *see also Tobey v. Jones*, No. 11-2230, 2013 WL 286226, at *3 (4th Cir. Jan. 25, 2013) (affirming district court's denial of Rule 12(b)(6) motion, noting that *Twombly* reiterated that a plaintiff "was not required to state [] precise magical words" to plausibly plead claim). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Tobey*, 2013 WL 286226, at *1 (considering facts of Rule 12(b)(6) motion from plaintiff's vantage point, "with all reasonable inferences drawn in his favor").

B.  Facts

Because Defendant seeks to dismiss Plaintiff's Complaint, the court considers the facts in the light most favorable to Plaintiff, as set forth in Plaintiff's original Complaint, ECF No. 1-1. Plaintiff alleges that in 2007, she entered into two mortgage loan transactions with Defendant. Compl. ¶ 4. On or about January 19, 2007, Plaintiff entered into a mortgage loan transaction secured by a property located at 1510 Magnolia Drive, Surfside Beach, SC (the "Magnolia Property").[3] *Id.* The principal balance on the loan secured by the Magnolia Property was $212,000.00. *Id.* On or about February 28, 2007, Plaintiff entered into a mortgage loan transaction secured by a property located at 34 Pine Valley Lane, Surfside Beach, SC (the "Pine Valley Property"). [4] *Id.* The principal balance on the loan secured by the Pine Valley Property was $160,000.00. *Id.* Plaintiff notes that each of the mortgages "provided that if certain conditions were satisfied, Defendant could pursue foreclosure, according to all applicable law." *Id.* ¶ 5.

---

[3] Plaintiff refers to the transaction involving the Magnolia Property as "Loan #1." *See* Compl. ¶ 4.
[4] Plaintiff refers to the transaction involving the Pine Valley Property as "Loan #2. *See* Compl. ¶ 4.

Plaintiff further alleges that, on an unspecified date, she "experienced an unforeseen injury and suffered an immediate loss of income and delay of benefits." Compl. ¶ 9. Plaintiff alleges that she then "promptly contacted Defendant to inform of the loss of income and to request a short time to enable Plaintiff the time to make effort to mitigate any losses." Compl. ¶ 10.

Plaintiff then specifically alleges as follows:

> 11. Plaintiff was assured that Defendant did participate in "HAMP" [Home Affordable Modification Program] and all programs designed to prevent foreclosure, including any and all alternatives. Plaintiff was further assured that as an Associate of the Defendant, foreclosure would not be the outcome of negotiations. Plaintiff was further advised that a request through the "HAMP" Program was absolutely necessary and that if not successful other options would be offered, including Proprietary modifications and other alternatives to foreclosure would be explored. Plaintiff was also advised that all negotiations would [be] handled by the Associate Banking Division, with the goal that Plaintiff would receive special attention to ensure adequate care.

> 12. Plaintiff has been assigned numerous associates as a "point-of-contact" and sent multiple documents to multiple locations. Defendant has been negligent in [its] Fiduciary Duty by not providing ample resources as needed, especially considering the environment of mass foreclosure. Plaintiff accepted Defendant's continued assurance that foreclosure would not be the outcome as all options, including alternatives, would be explored. Rather than provide due care to Plaintiff, Defendant's negligence caused a delay and prevented a timely response as the number of "toxic" mortgages created an overwhelming chaos.

Compl. ¶¶ 11, 12. Plaintiff also states that "Defendant's own actions, compromised the ability of the Plaintiff to perform her obligations as set forth in the 'Notes' and 'Mortgages[,]'" and that Defendant "knowingly and recklessly, undermined and devalued the major component of the 'Notes' and 'Mortgages,' . . . by providing loans to non-credit-worthy borrowers." Compl. ¶¶ 13, 14. Plaintiff further submits that Defendant's actions "created an environment of rapidly declining real property values," that "compromised the Plaintiff's ability to perform under the loans[.]" Compl. ¶ 15. She further claims Defendant employed "delay tactics" to hinder her ability to perform under the contracts. Compl. ¶ 16.

Plaintiff's Complaint contains 18 numbered paragraphs of "Facts," some of which include statements regarding Defendant's alleged wrongdoing and Plaintiff's claimed damages. Compl. ¶¶ 1-18, ECF No. 1-1 at 1-10. She then lists the following seven Causes of Action:

1. Breach of Contract
2. Breach of Covenant of Fair Dealing and Good Faith
3. Breach of Fiduciary Duty
4. Negligence
5. Unfair Business Practices
6. Unfair and Deceptive Acts
7. Fraud.

Compl. 10, ECF No. 1-1. The section of Plaintiff's Complaint in which she lists her causes of action does not include any detailed pleading. She follows that list with the following requests for relief:

1. As to Loan #1/Magnolia Property: Plaintiff seeks judgment rescinding the April 2, 2012 foreclosure sale of the property and judgment in Plaintiff's favor that allows the property to be sold at the "current market value and any and all debt of Plaintiff be forever released and satisfied[;]"

2. As to Loan #2/Pine Valley Property: Plaintiff seeks judgment in her favor that modifies the Note by "reducing the principal balance to current market value, reducing and recalculating past-due interest to 3.5%/annum rate, waiving and crediting back all late charges, fees and any other charges, and changing the interest rate on the modified Note to the current interest rate for conforming 30-year fixed rate purchase-money mortgages and re-amortizing note to 30 years[;]"

3. $48,000 judgment in Plaintiff's favor for emotional distress and loss of rental income;

4. Court costs and fees associated with this action; and

5. Any and all relief "as deemed just and proper by this Court[.]"

*Id.* at 11.

5

C. Analysis

1. Rule 8 Pleading Challenge

Defendant first argues Plaintiff's Complaint should be dismissed in its entirety based on *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662, because Plaintiff does not provide sufficient facts or information in her pleadings to satisfy Federal Rule of Civil Procedure Rule 8 as interpreted in those cases. Def.'s Mem. 4-5, ECF No. 11-1. Defendant submits Plaintiff's Complaint does not provide sufficient information about the causes of action she lists to permit Defendant to appropriately respond. *Id.* Alternatively, Defendant submits that Plaintiff's claims as to the Magnolia Property should be dismissed pursuant to Rule 12(b)(6) based on the doctrine of res judicata, *id.* at 5-7, and that each of Plaintiff's causes of action should be dismissed because she has not set forth claims upon which relief can be granted, *id.* at 8-16 (specifically discussing Plaintiff's claims for breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, negligence, unfair business practices, and fraud). In response, Plaintiff submits a detailed responsive memorandum in which she specifically responds to each of Defendant's arguments. *See* Pl.'s Resp., ECF No. 29.

Construing Plaintiff's pro se Complaint liberally, the undersigned is of the opinion that Plaintiff has set forth sufficient facts that, if accepted on their face, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Accordingly, the undersigned finds Plaintiff's Complaint satisfies the bare minimum pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and recommends that Defendant's Motion to Dismiss based solely on pleading grounds be *denied*, and the remainder of Defendant's Motion be considered on its merits.

2.   Magnolia Property/Loan #1

a.   Res Judicata

Defendant then argues the claims regarding the "Magnolia Property"/Loan #1 should be dismissed based on res judicata, arguing the state-court proceeding regarding this property, which ended in foreclosure, precludes relitigation here. Def.'s Mem. 5-7, ECF No. 11-1. Defendant properly notes that considering its res judicata defense as a Rule 12(b)(6) motion is appropriate because the court can take judicial notice of the facts of the prior proceeding, and no factual issues are raised by the defense. *Id.* at 5 (citing *Andrews v. Daw*, 201 F.3d, 521, 524 n.1 (4th Cir. 2000)). *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Res judicata, also known as claim preclusion, bars subsequent actions by the same parties when claims arise out of the same transaction or occurrence that was the subject of a prior action between these parties. *See Plum Creek Dev. Co. v. City of Conway*, 512 S.E.2d 106 (S.C. 1999); *Rogers v. Kunja Knitting Mills, U.S.A.*, 520 S.E.2d 815, 817 (S.C. Ct. App. 1999). Defendant submits that Plaintiff's claims as to the Magnolia Property/Loan #1 satisfy the elements: (1) identity of parties; (2) identity of subject matter; and (3) adjudication of the issue in the former suit.

As explained by the court in *Plum Creek Development Co.*:

Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties. *Sub-Zero Freezer Co. v. R.J. Clarkson Co.*, 308 S.C. 188, 417 S.E.2d 569 (1992). Under the doctrine of res judicata, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit." *Hilton Head Center of South Carolina, Inc. v. Public Service Comm'n of South Carolina*, 294 S.C. 9, 11, 362 S.E.2d 176, 177 (1987).

512 S.E.2d at 109.

The state court foreclosure action, *Bank of America, N.A. v. Nancy C. Hardwick, et al.*, C/A No. 2010-cp-26-11904, ended when the court issued its Order and Judgment of Foreclosure and Sale on March 15, 2012. *See* Horry Cnty. Public Index, http://www.horrycounty.org/SCJDWEB/publicindex/PICaseDetails.aspx?County_26+8Casenum =2010CP26119048Cou (last visited Jan. 29, 2013). Horry County public records indicate the Judgment/Foreclosure and Notice of Foreclosure Sale were entered March 15, 2012, the Master's Report of Sale & Disbursements was filed April 19, 2012, and the Affidavit of Publication was filed April 20, 2012. *Id.*

Defendant submits that it has established res judicata because: (1) the parties to this action are the same as those involved in the foreclosure of the Magnolia Property; (2) the subject matter is the same (as to the portion of Plaintiff's Complaint regarding the Magnolia Drive property); and (3) the issues Plaintiff now raises as to the Magnolia Property have already been raised, or could have been raised, in the state-court foreclosure proceeding. Def.'s Mem. 7, ECF No. 11-1. Defendant points out that a portion of the relief Plaintiff seeks in this litigation is to have the foreclosure sale of the Magnolia Property rescinded. *Id.*; *see also* Pl.'s Mot. to Rescind Foreclosure (filed in the instant action in state court), ECF No. 1-1 at 15-16. Accordingly, Defendant argues it is entitled to judgment based on its res judicata defense because all of Plaintiff's claims concerning the Magnolia Property either were litigated, or should have been litigated, in the state court action and are now barred. Def.'s Mem. 7.

In response, Plaintiff argues that she was misled by representations by Defendant. Pl.'s Resp. 1-2, ECF No. 29. She indicates that she continued to rely on "the assurances of the Defendant that foreclosure would not be the outcome of negotiations[,]" and that she continued

to rely on such assurances until two days prior to foreclosure at which time an associate of the Defendant called to inquire as to whether or not the property was occupied." *Id.* at 1. She further notes that she filed for Chapter 13 bankruptcy protection in October 2011 "in a desperate attempt to avoid foreclosure," but that she withdrew her bankruptcy petition one week later based on representations by an associate of Defendant that negotiations were still underway regarding the foreclosure action for the Magnolia Property and that Defendant could "'pull' the foreclosure at the last minute." *Id.* at 1-2. She also notes that she did "attend two separate foreclosure hearings and asserted defenses to the foreclosure[, but] the hearings lacked a judicial-like atmosphere and an effort on the part of the Special Referee to seek truth and fairness was completely lacking." *Id.* at 2. She submits that her assertions "'fell upon deaf ears.'" *Id.* She also submits that it was not until after the sale of the Magnolia Property had taken place that she learned how low the Broker Price Opinion had been. *Id.*

In its reply, Defendant points out that Plaintiff's response makes it clear that she already had the opportunity to litigate the issues as to the Magnolia Property/foreclosure action that she again seeks to litigate in this court. Def.'s Reply 1-2, ECF No. 33. That Plaintiff's defenses to the foreclosure action did not prevail in the state court does not change the res judicata bar against bringing those claims again in this court. *Id.* at 2.

The undersigned agrees with Defendant that Plaintiff's claims as to the Magnolia Property should be dismissed pursuant to res judicata principles. Plaintiff does not seem to dispute that the first two elements of res judicata—identity of the parties and the subject matter—are met here. The foreclosure action was brought by Defendant against Plaintiff, and concerned the note and mortgage securing the Magnolia Property. In fact, Plaintiff asks this court to rescind the foreclosure sale, which evidences the sameness of the matters. In presenting her

"defenses" to the Magnolia foreclosure action and sale, Plaintiff arguably is asserting that she should still be permitted to litigate those issues. The court cannot agree. Plaintiff's challenges to the Magnolia foreclosure action, judgment, and sale cannot be relitigated in this court. Res judicata is necessary to permit finality of judgments. *See First Nat'l Bank of Greenville v. U.S. Fid. & Guar. Co.*, 35 S.E.2d 47, 56 (S.C. 1945) (noting doctrine of res judicata has "its origin in the principle that it is in the public interest that there should be an end of litigation and that no one should be twice sued for the same cause of action.").

The court does not doubt that Plaintiff is displeased with the outcome of the state-court foreclosure proceeding as to the Magnolia Property, and the court notes Plaintiff was well-prepared in arguing against the foreclosure. Nonetheless, Defendant has demonstrated entitlement to judgment based on res judicata. The undersigned recommends Defendant's Motion to Dismiss based on its res judicata defense be *granted* as to the Magnolia Property/Loan #1.

        b.   Alternative Ground for Granting Motion to Dismiss as to Magnolia Property/Loan #1

Although not raised by Defendant, the undersigned further notes that dismissal of Plaintiff's claims regarding the Magnolia Property/Loan #1 is appropriate pursuant to the "*Rooker/Feldman*" Doctrine, so-named based on the two United States Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Because the *Rooker-Feldman* Doctrine is jurisdictional, the court may raise it *sua sponte*. *See Friedman's Inc. v. Dunlap*, 290 F.3d 191, 165-96 (4th Cir. 2002). "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (per curiam). As the Court noted in 2005, the *Rooker-Feldman*

Doctrine applies to "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Other courts in this District have found the *Rooker-Feldman* Doctrine required dismissal of federal court actions concerning matters in which "state-court losers" challenged state-court judgments rendered before the federal actions were commenced. *See, e.g.*, *Stanfield v. CitiMortgage, Inc.*, C.A. No. 2:09-2711-MBS-RSC, 2010 WL 3257721 (D.S.C. July 16, 2010), adopted in 2010 WL 3257722 (D.S.C. Aug. 16, 2010); *Kotsopoulos v. Mortgage Electronic Registration Sys., Inc.*, No. 4:06-1106-TLW-TER, 2007 WL 905094 (D.S.C. Mar. 22, 2007).

Here, Plaintiff readily indicates that she is challenging the state-court foreclosure and judicial sale of the Magnolia Property. The remedies she seeks include invalidating the foreclosure and sale. When she filed the Complaint in this action in state court, she also filed a "Motion to Rescind Foreclosure." ECF No. 1-1 at 15-16.  In Defendant's opposition to that Motion, ECF No. 12, it submits that Plaintiff's attempt to rescind foreclosure "would have been properly filed as notice of appeal in the Foreclosure Action pursuant to South Carolina Rules of Civil Procedure ("SCRCP") 72 and 73 and South Carolina Appellate Court Rules ("SCACR") 201 and 203(b)(4)." Def.'s Resp. 1-2, ECF No. 12.  Defendant notes that Plaintiff did not appeal the judgment of foreclosure in the foreclosure action. *Id.* at 2.

Accordingly, the *Rooker-Feldman* doctrine applies to Plaintiff's challenge to the Magnolia Property/Loan #1 foreclosure action. The court should abstain from considering Plaintiff's challenge to the Magnolia Property/Loan #1 foreclosure action and dismiss that

portion of Plaintiff's Complaint. The court must also consider Defendant's Motion to Dismiss Plaintiff's allegations concerning the Pine Valley Property/Loan #2.

3. As to the Pine Valley Property/Loan #2

Defendant makes no argument based on res judicata, *Rooker-Feldman*, or other abstention doctrine as to the Pine Valley Property. Rather, Defendant discusses each of Plaintiff's causes of action one by one and explains why they should be dismissed. *See* Def.'s Mem. 8-16, ECF No. 11-1.[5] At the hearing on pending motions, the court inquired as to the status of the Pine Valley Property/Loan #2, specifically inquiring whether there was a pending foreclosure action regarding that property/note/mortgage.[6]

On November 30, 2012, Defendant informed the court that there was "no pending foreclosure lawsuit regarding the Pine Valley Property at this time." Def.'s Suppl. Mem. 2, ECF No. 56. In response, Plaintiff filed a written response indicating the Pine Valley Property "is still in a foreclosure status, but has no pending sale date at this time." Pl.'s Suppl. Mem. 1, ECF No. 57. Plaintiff indicated she had not received any communication from counsel for Defendants handling the foreclosure action, The Korn Law Firm, that such proceedings had been stopped. *Id.* Rather, Plaintiff indicates that all communication from The Korn Law Firm had stopped after she instituted the instant litigation. *Id.* at 1-2. In further response, Defendant submitted its Sur-Reply in Support of Its Motions to Dismiss on January 2, 2013, in which it indicated that Plaintiff is incorrect in stating the Pine Valley Property is still in foreclosure status. Def.'s Sur-Reply 1.

---

[5] Defendant does not limit its arguments regarding Plaintiff's causes of action for breach of contract, breach of covenant of good faith and fair dealing, breach of fiduciary duty, negligence, unfair business practices, and fraud to claims regarding the Pine Valley Property/Loan #2. However, because the undersigned recommends dismissal of Plaintiff's other claims in her Complaint and recommends her request to amend her complaint be denied, only the claims concerning the Pine Valley Property/Loan #2 remain to be considered.

[6] The court also requested additional information from Defendant regarding Plaintiff's request for loan modifications and regarding Defendant's Associate Banking Division.

Although noting the documents are a matter of public record, Defendant attached the Order that "remov[ed] the Pine Valley Property foreclosure complaint from the [state] Court's docket." *Id.* at 2, n.2. Defendant, through its counsel, states that the Order "remov[ed] the foreclosure complaint filed with respect to the Pine Valley Property due to Plaintiff's Bankruptcy filing." *Id.* at 2. Counsel further indicated that, "[a]s of [January 2, 2013], a foreclosure complaint has not been re-filed in that action." *Id.*

On January 18, 2013, Plaintiff filed a Response to Defendant's Sur-Reply including very recent communication she received from counsel representing Defendant in the foreclosure matter. Pl.'s Resp., ECF No. 60. Plaintiff points out that recent communication, along with language in the Order Defendant attached to its Sur-Reply, indicate the Pine Valley Property foreclosure action *is*, in fact, still pending in Horry County's Court of Common Pleas. *Id.* Plaintiff received a letter dated January 8, 2013, from The Korn Law Firm, in which The Korn Law Firm referenced the Horry County Court of Common Pleas Docket Number 2010-CP-26-11806, and provided Plaintiff with a required "Notice of Foreclosure Intervention." *See* Ex. A. to Pl.'s Resp., ECF No. 60-1. The letter, ECF No. 60-1 at 2, is a filing letter sent to the Horry County Clerk of Court, attaching the Notice of Foreclosure Intervention for filing in the record of Docket No. 2010-CP-26-11806. *Id.* at 2-5.[7] Plaintiff points out that the Order Defendant's counsel submitted as showing there was no pending foreclosure concerning the Pine Valley Property ordered only that the foreclosure action, 2010-CP-26-11806, "be struck from the roster of active cases with leave to restore when the stay of the Bankruptcy Court has been lifted." *See*

_____

[7] The court takes judicial notice that the Horry County Public Index includes a January 11, 2013 entry of a "Notice/Notice of Foreclosure Intervention/cert[ificate] of [service]," found under the "Actions" tab of the case information for *Bank of America, NA v. Nancy Hardwick, defendant, et al.*, 2010-CP-26-11806. *See* Horry Cnty. Public Index, http://www.horrycounty.org/SCJDWEB/publicindex/PICaseDetails.aspx?County_26+8Casenum =2010CP26119048Cou (last visited Jan. 29, 2013).

ECF No. 58-1 at 2. Plaintiff also pointed out that another document Defendant provided was a "Form 4" in the 2010-CP-26-11806 action, indicating the order "does not end the case." ECF No. 58-1 at 6.

Based on this information the undersigned is of the opinion that this court should abstain from further proceedings as to the Pine Valley Property/Loan #2 because it appears Defendant has a foreclosure action pending as to the Pine Valley Property/Loan #2. Abstention may be raised sua sponte. *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976).

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). The Supreme Court has extended the *Younger* doctrine to apply to "'noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005) (quoting *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has established that abstention is appropriate when: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex Cnty. Ethics Comm'n*, 457 U.S. at 432).

In the case at bar, there appears to be an ongoing state judicial proceeding, although it apparently lay dormant for months based on Plaintiff's bankruptcy filing. However, the documents removing the case from the state court's active docket indicated the removal was temporary and did not end the foreclosure matter. *See* ECF No. 58-1. Further, Defendant's

counsel filed papers indicating its intention to continue and pursue the foreclosure matter as recently as January 11, 2013.

Regarding the second prong of the test, there is undoubtedly an important state interest in adjudicating foreclosure matters pertaining to real property located within a state. *See Shaffer v. Heitner*, 433 U.S. 186, 207-208 (1977) (recognizing a state's "strong interests in assuring the marketability of property within its borders[ ] and in providing a procedure for peaceful resolution of disputes about the possession of that property") (footnote omitted); *see also Sergeon v. Home Loan Ctr., Inc.*, No. 3:09-CV-01113-J-32JBT, 2010 WL 5662930 (collecting cases applying *Younger* abstention in light of a pending state foreclosure proceeding); as cited in *Dennis v. HSBC Mortg. Servs., Inc.*, C/A No. 0:10-2693-MJP-PJG, 2011 WL 3876916 (D.S.C. Aug. 11, 2011), adopted in 2011 WL 3876909 (D.S.C. Aug. 31, 2011). In *Dennis*, the court found abstention under *Younger* or under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813-20 (1976) appropriate because there was an ongoing state foreclosure proceeding pending.  *See also Toney v. LaSalle Bank Nat'l Assoc.*, 2012 WL 4378574, Civil Action No. 3:11-1686-MBS-JRM (D.S.C. Sept. 25, 2012) (dismissing on res judicata grounds; acknowledging alternative recommendation on *Younger* abstention but not ruling on that ground).

Accordingly, the undersigned recommends the court exercise abstention, *see Younger*, 401 U.S. 37, and dismiss Plaintiff's Complaint.

II.    Plaintiff's Motion to Amend (ECF No. 30)

Also pending are Plaintiff's Motion to Amend Complaint, ECF No. 30, and Defendant's Motion to Dismiss the Amended Complaint, ECF No. 41. Although Plaintiff filed the amended pleading as an "Amended Complaint," the court construes the pleading as a proposed Amended

Complaint because Plaintiff did not submit the amendment during the period she could amend her pleading "as a matter of course." Fed. R. Civ. P. 15(a) (permitting amendment once as a matter of course if within 21 days of service or 21 days after opposing party answers or files a Rule 12 motion). Because the amended pleading sets out events that took place on and after events referenced in the Complaint, it is more properly considered a proposed Supplemental Complaint. *See* Fed. R. Civ. P. 15(d).

A.  Standard of Review

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits."). Because Plaintiff's proposed Amended Complaint includes reference to some "transaction[s], occurrence[s], or event[s] that happened after the date of the pleading to be supplemented," Rule 15(d) also applies to her request to amend. Fed. R. Civ. P. 15(d). Such pleadings are permissible "on motion and reasonable notice ... [and] on just terms." Fed. R. Civ. P. 15(d).[8]

---

[8] Rule 15(d) provides:

(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

B.  Facts

Plaintiff claims that she received a call from a gentleman in another state who told her Defendant (Bank of America) had been calling his mother, who had same name as Plaintiff, "in an attempt to collect a debt owed by Plaintiff." Proposed Am. Compl. 1, ECF No. 30.  This gentleman told Plaintiff that he called Defendant in an attempt to stop the calls, and that, during those telephone calls, Defendant's representatives gave that gentleman Plaintiff's non-published telephone number, her social security number, and he "discussed with the bank that [Plaintiff] had committed fraud." *Id.* Plaintiff said she contacted the bank "immediately" and was told that her "'file' was in fact, being reviewed for fraud." *Id.* The bank "could not explain how or why an unrelated person was being contacted" about her debt. *Id.*

In Plaintiff's proposed Amended Complaint, ECF No. 30, she seeks to add a cause of action pursuant to the South Carolina Consumer Protection Act, averring that, "by discussing [her] debt with another person, providing that person with confidential information and suggesting and discussing that [Plaintiff] had committed fraud," Defendant undertook "unconscionable debt collection practices." Proposed Am. Compl. 2, ECF No. 30.  She seeks $1,000 in damages, plus costs and punitive damages. *Id.*

C.  Analysis

Defendant does not consent to the proposed amendment, and submits a response to the Motion to Amend arguing Plaintiff's amendment is untimely and that amendment should not be permitted because the additional claim could not survive a motion to dismiss. *See* ECF No. 39.

As fully discussed above, Plaintiff's original Complaint concerns two specific loans she obtained from Defendant, both of which were secured by real property. Loan #1 was the subject of a foreclosure proceeding; Loan #2 is the subject of a still-pending foreclosure proceeding.

Plaintiff's allegations focus on Defendant's conduct in dealing with her regarding those specific loans. In her proposed amended complaint, however, Plaintiff introduces facts concerning a June 8, 2012 telephone call she received from a third-party regarding statements agents of Defendant purportedly made to that third party about Plaintiff. Although Plaintiff generally indicates the discussions concerned a debt she owed to Defendant, there is no indication that such debt is related to Loan #1 or Loan #2, nor is it clear whether the debt at issue is related to the Magnolia or Pine Valley Properties.   In fact, in responding to Defendant's Motion to Dismiss the [Proposed] Amended Complaint, Plaintiff indicates the debt at issue "was not related to Plaintiff's first mortgage loans, but rather related to the Defendant's Recovery Department's effort to collect a second mortgage line of credit." ECF No. 45 at 2.

Accordingly, the undersigned submits that the facts presented in Plaintiff's proposed Amended Complaint are not sufficiently related to claims in her original Complaint to make the grant of the amendment an appropriate exercise of the court's discretion. Judicial economy would not be served by Plaintiff's being permitted to amend her federal court pleadings to pursue litigation about what seems to be a discrete issue.

III.     Defendant's Motion to Dismiss Amended Complaint (ECF No. 41)

Because the undersigned recommends Plaintiff's request to amend her complaint be denied, it submits Defendant's Motion to Dismiss Amended Complaint, ECF No. 41, should be denied without prejudice as moot at this time. In so recommending, the undersigned notes that the proposed amended complaint is not the current operative complaint, nor was it the operative complaint when Defendant filed its Motion to Dismiss the Amended Complaint. In the event the court determines it is appropriate for Plaintiff's Amended Complaint to be filed, Defendant could refile a motion to dismiss or other appropriate motions.

IV.    Conclusion

For the foregoing reasons, it is recommended that Defendant's Motion to Dismiss, ECF No. 11, be granted and Plaintiff's Complaint be dismissed; Plaintiff's Motion to Amend, ECF No. 30, be denied; and Defendant's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 41, be denied without prejudice.

IT IS SO RECOMMENDED.

January 29, 2013                                    Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**