IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Nancy C. Hardwick, ) | Civil Action No.: 4:12-cv-01286-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bank of America, N.A. and BAC Home ) | |
| Loans Servicing, LP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Nancy Hardwick ("Plaintiff"), proceeding *pro se*, brought this action against Bank of America, N.A. and BAC Home Loans Servicing, LP, ("Defendant") concerning two real estate loans and mortgages.[1] The first mortgage loan transaction ("loan #1") was secured by a property located at 1510 Magnolia Drive, Surfside Beach and the second mortgage loan transaction ("loan #2") was secured by a property located at 34 Pine Valley Lane, Surfside Beach, SC. This matter is now before the Court upon the Report and Recommendation (Report) of United States Magistrate Judge Kaymani D. West.[2] (ECF No. 62.) In her Report the Magistrate Judge recommends that Defendant's Motion to Dismiss (ECF No. 11) be granted and Plaintiff's Complaint be dismissed; that Plaintiff's Motion to Amend (ECF No. 30) be denied; and that Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 41) be denied without prejudice as moot. (*Id*. at 19.) Plaintiff timely filed objections to the Report. ( ECF No. 64.)

---

[1] The same counsel represents both named Defendants and indicates that BAC Home Loans Servicing, LP merged into Bank of America, N.A. on July 1, 2011. *See* Def.'s Mot.. to Dismiss, ECF No. 11-1, at 1 n.1. Accordingly, the Court will refer to Defendants in the singular throughout.

[2] This matter was referred to Magistrate Judge West pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

**Standard of Review**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982). Furthermore, in the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**Discussion**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them without a recitation. Plaintiff sets forth two objections to the Magistrate Judge's recommendation.[3] First, Plaintiff argues that the Magistrate Judge improperly applied *res judicata* in dismissing her claim relating to loan #1. (ECF No. 64, at 1.) Plaintiff does not appear to take issue with the Magistrate Judge's' finding that her claims relating to her first loan were adjudicated in state court and are thus barred by *res judicata*. Instead, Plaintiff requests that this Court construe her Complaint as an "attempt to appeal" the state court decision. (*Id.*) However, this

---

[3] The Court has reviewed and adopts the portions of the Report to which Plaintiff did not object.

Court cannot review the underlying state court decision regarding Plaintiff's first loan. *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) ("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) (noting the "well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts"). Thus, Plaintiff's objection is overruled.

Second, Plaintiff objects to the Magistrate Judge's recommendation that her Motion to Amend be denied. In recommending that Plaintiff's Motion to Amend be denied, the Magistrate concluded *inter alia*:

> [T]he facts presented in Plaintiff's proposed Amended Complaint are not sufficiently related to claims in her original Complaint to make the grant of the amendment an appropriate exercise of the court's discretion. Judicial economy would not be served by Plaintiff's being permitted to amend her federal court pleadings to pursue litigation about what seems to be a discrete issue.

(ECF No. 62 at 18.) Plaintiff does not specifically attack this conclusion. Instead, Plaintiff merely argues that Defendant violated South Carolina law. To the extent this constitutes a specific objection, the Court overrules the objection.

## **Conclusion**

After a thorough review of the Magistrate Judge's Report, Plaintiff's objections, the applicable law, and the record in this case, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order. For the reasons stated above and in the Report and Recommendation, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 11). Further, the Court DENIES

Plaintiff's Motion to Amend (ECF No. 30) and DENIES Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 41). This action is DISMISSED.

**IT IS SO ORDERED**.

/s/ Mary G. Lewis
United States District Judge

Florence, South Carolina
March 5, 2013